UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In re: | ) | Case No. 23-60709 |
|---|---|---|
| | ) | |
| TONI J. CLARK, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Judge Mary Ann Whipple |
| | ) | |
| | ) | MOTION OF DIRECTIONS CREDIT |
| | ) | UNION FOR RELIEF FROM STAY |
| | ) | AND ABANDONMENT |
| | ) | |
| | ) | |
| | ) | 2014 GMC Terrain |
| | ) | VIN #2GKFLWEK2E6208561 |
| | ) | |

Directions Credit Union (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362.

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On October 29, 2019, the Debtor, Toni J. Clark, obtained a loan from Movant, Directions Credit Union in the amount of $15,532.27. Such loan was evidenced by a Promissory Note dated October 29, 2019 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor, Toni J. Clark executed a Security Agreement in favor of Movant dated October 29,

2019 (the "Security Agreement"). The Security Agreement granted a lien on the 2014 GMC Terrain, VIN #2GKFLWEK2E6208561 owned by Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

    \_\_    attached as Exhibit B;

    OR

    X    contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

    \_\_    Filing of the Security Agreement in the office of the <COUNTY> County Recorder on <DATE>.

    \_\_    Filing of the UCC-1 Financing Statement in the office of _____ on <DATE>.

    X    Notation of the lien on the Certificate of Title.

    \_\_    Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on title, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion, is Movant.

6. The entity servicing the loan is: Movant.

7. The Note was transferred, as evidenced by the following:

    a.    If the Collateral is real estate:

2

i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

<u>X</u>  N/A.

OR

___ By endorsement on the Note, payable to_____.

OR

___ By blank endorsement on the Note.

OR

___ By allonge attached to the Note, payable to_____.

OR

___ By blank allonge, attached to the Note.

OR

___ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

_____
_____
_____.

OR

___ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <___>. Explain why it provides Movant the authority to endorse the

3

Note:

_____
_____
_____.

    <ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

    <iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.>

    <iv. Other_____ [explain].>

b. If the Collateral is not real estate (check one):

    X    N/A.

    OR

    __    From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

8. The Security Agreement was transferred as follows (check one):

    X    N/A.

    OR

    __    From the original lender, mortgagee, or mortgagee's nominee on <DATE> to <FIRST TRANSFEREE>. The transfer is evidenced by the document(s) attached to this Motion as Exhibit <___>.

[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

9. The value of the Collateral is $7,577.00. This valuation is based on J.D. Power.

10. As of the date of this Motion, there is currently due and owing on the Note the outstanding principal balance of $8,043.96, plus interest accruing thereon at the rate of 5.70% per annum [$1.15 PER DAY] from May 13, 2023, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 DOES NOT include a credit for the sum held in a suspense account by the Movant. The amount of the credit is <AMOUNT OR N/A>.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

    X    N/A.

    __    The <COUNTY> County Treasurer, for real estate taxes, in the amount of $<AMOUNT>.

    __    <CO-OWNERS, IF APPLICABLE, STATE NAME>.

    __    <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

    __    Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons:  <EXPLAIN>  .

5

__ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

__ Debtor has failed to keep current the real estate taxes owed on the Collateral.

X Debtor has failed to make periodic payments to Movant for the month of June, 2023, which unpaid payments are in the aggregate amount of $255.93 through June 22, 2023. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.

__ Debtor has no equity in the Collateral, because the Collateral is valued at _____, and including the Movant's lien, there are liens in an aggregate amount of _____ on the Collateral.

X Other cause (set forth with Specificity): Debtor does not intend to reaffirm.

14. Movant has completed the worksheet, attached as Exhibit C.

< 15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

__ The Collateral is burdensome to the estate because _____.

X The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate. >

WHEREFORE, Movant prays for an order from the Court:

(a) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law; <AND>

<(b) AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE § 554. >

6

Respectfully submitted,

/s/ Thomas J. Kelley
#0024805
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, OH 43604
419-252-6218
Attorney for Movant

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 27, 2023, a true and correct copy of the foregoing Motion of Directions Credit Union for Relief form Stay and Abandonment was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Jonathon Carl Elgin, on behalf of Debtor, at jc@jcelgin.com

Anthony J. DeGirolamo, Trustee, at tony@ajdlaw7-11.com

Office the U.S. Trustee (registered address) @usdoj.gov

and by regular U.S. Mail, postage prepaid, on:

Toni J. Clark
514 S. Center Street
New Washington, OH 44854

/s/ Thomas J. Kelley
Thomas J. Kelley (#0024805)

638134

7

| Credit Union: | DIRECTIONS CREDIT UNION |
|---|---|

The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

| I acknowledge receipt of a copy of this notice. | SIGNATURE OF BORROWER: X *Toni Kirgis* | DATE: 10/29/2019 |
|---|---|---|

| DIRECTIONS CREDIT UNION<br>200 N ST. CLAIR ST SUITE 16<br>TOLEDO, OH 43604 | DONLEY FORD OF SHELBY<br>249 MANSFIELD AVE.<br>SHELBY, OH 44875 |
|---|---|

NAME AND ADDRESS OF BORROWER(S)
TONI J KIRGIS
325 JEFFREY DR
NEW WASHINGTON, OH 44854

| SOCIAL SECURITY NUMBER | ACCOUNT NUMBER | If this loan is being made by mail, interest on this loan begins when the loan proceeds are mailed. |
|---|---|---|

## TRUTH-IN-LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE: The cost of your credit as a yearly rate. | FINANCE CHARGE: The dollar amount the credit will cost you. | Amount Financed: The amount of credit provided to you or on your behalf. | Total of Payments: The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 5.71 % | $ 2893.97 | $ 15532.27 | $ 18426.24 |

| Your Payment Schedule Will Be: | NO. OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|---|
| | 72 | 255.92 | MONTHLY, BEGINNING: 12/13/2019 |

**Security:** Collateral for other loans may also secure this loan. You are giving a security interest in your credit union account(s) and in: [X] The goods and property being purchased. [ ] Other (describe)

**Insurance:** Credit Life Insurance and credit disability insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the additional cost.

| TYPE | PREMIUM | SIGNATURE | | |
|---|---|---|---|---|
| [ ] Single Credit Life<br>[ ] Joint Credit Life | $ NA | You want credit life insurance | NA<br>SIGNATURE | NA<br>DATE |
| [ ] Credit Disability | $ NA | You want credit disability insurance | NA<br>SIGNATURE | NA<br>DATE |

| Late Charges: If a payment is late by 10 days or more, you will be charged $25 or up to 10% of the monthly payment. | | Required Deposit Balance: The Annual Percentage Rate does not take into account your required deposit balance. | Filing Fees: $ NA |
|---|---|---|---|

**Prepayment:** If you pay off early, you will not have to pay a penalty. You will not receive a refund of any prepaid finance charges you may have paid. "e" means estimate.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

## ITEMIZATION OF AMOUNT FINANCED

| AMOUNT FINANCED (Total A through G minus H) | AMOUNT GIVEN TO YOU DIRECTLY | AMOUNT PAID ON YOUR ACCOUNT |
|---|---|---|
| $ 15532.27 | $ NA | $ NA |

### AMOUNT PAID TO OTHERS ON YOUR BEHALF

| a | $ 13367.13 | DONLEY FORD OF SHELBY | e | $ NA TO NA |
|---|---|---|---|---|
| b | $ 1375.14 | PUBLIC OFFICIALS AND DOC FEE | f | $ 790.00 GAP |
| c | $ NA TO NA | | g | $ NA TO NA |
| d | $ 215.00 | BANK FEE | h | $ 215.00 PREPAID FINANCE CHARGE |

## NOTE AND PLEDGE OF SHARES

**Fixed Rate Loan:**
You promise to pay the credit union $ 15747.27 plus interest at the rate of 5.24 % per year on the unpaid balance. The undersigned pledge themselves to pay the principal and interest of this note or any extension thereof in consecutive installments.

| INSTALLMENTS OF (Inclusive of principal and interest) | PAYABLE IN | THE FIRST PAYMENT TO BE MADE ON | AND A LIKE AMOUNT | PLUS AN IRREGULAR OR FINAL PAYMENT |
|---|---|---|---|---|
| $ 255.92 | 71 MONTHLY INSTALLMENTS | 12/13/2019 | MONTHLY | $ 255.92 DUE ON 11/13/202 |

The rest of the terms and conditions of this Note are on the reverse side. You also pledge your accounts in the credit union in accordance with the "Contractual Pledge of Shares" on the reverse side. The Security Agreement is continued on the reverse side.

Vendor's Single Interest Insurance: [ ] If box is checked, we require Vendor's Single Interest Insurance. You may choose the person through whom Vendor's Single Interest Insurance is to be obtained. This insurance is for the sole protection of the assignee and your interest is not covered. If obtained through us, the cost of such insurance is shown in the "Itemization of Amount Financed" area.

SECURITY AGREEMENT ON REVERSE SIDE [X] IS APPLICABLE [ ] IS NOT APPLICABLE

## COLLATERAL

| | MAKE | YEAR | MODEL | TYPE OF VEHICLE | IDENTIFICATION NUMBER |
|---|---|---|---|---|---|
| Titled Property | | | | | |

**EXHIBIT A**

IN THESE AGREEMENTS, THE WORDS "I," "ME," "MY" AND "MINE" MEAN ALL THOSE NAMED AS DEBTORS. THE WORDS "YOU," "YOUR" AND "YOURS" MEAN THE CREDIT UNION.

## LOAN AGREEMENT

**Payments/Finance Charges:** For value received, I promise to pay, at your office, all amounts due. All payments shall be made pursuant to the disclosure statement on the face of this document. I understand that the finance charge and total of payments shown on the reverse side of this page are based on the assumption that all installment payments will be made on the scheduled due dates. If I fail to pay any installment by the time it is due, I will pay additional interest on the overdue amount.

**Late Charges:** If I make a late payment, I agree to pay a late charge if one is disclosed on the face of this document.

**Property Insurance:** If I obtain a loan secured by a motor vehicle or other tangible property, I must obtain insurance which protects the credit union from financial loss. Such a policy must provide at least fire, theft, combined additional coverages and collision insurance. It must contain a Loss Payable clause endorsement naming the credit union as lien holder. I may obtain this insurance from any agent of my choice and direct the agent to send you a copy of the policy.

**Debtor Responsibility:** I promise to notify you of any change in my name, address or employment within 30 days of the change. I promise not to apply for a loan if I know there is a reasonable probability that I will be unable to repay my obligation according to the terms of the credit extension. I promise to inform you of any new information which relates to my ability to repay my obligation. I promise not to submit false or inaccurate information or willfully conceal information regarding my creditworthiness, credit standing, or credit capacity.

**Default:** (1) If I break any promise made under this Loan Agreement or under the Security Agreement; or (2) if I do not use the money you loaned me for the purpose stated in my application; or (3) if you should, in good faith, believe that prospect of payment, performance or realization of the collateral, if any, is impaired; or (4) if I die; or (5) if I file a petition in bankruptcy, insolvency, or receivership or am put involuntarily into such proceedings; or (6) if the collateral, if any, given as security for this loan is lost, damaged or destroyed, or if it is levied against, attached or garnished; or (7) if I do not pay on time any of my other or future debts to you, you may, at your option and without prior notice, declare this loan immediately due and payable, and I must immediately pay the total unpaid balance, as well as the Finance Charge to date, any late charges and costs of collection permitted under law, including reasonable attorney's fees. Costs of collection include, but are not limited to, repossession fees, appraisals, environmental site assessments, casualty damage insurance coverage, and attorney's fees for any action taken by an attorney in order to collect this loan or preserve or protect the credit union's rights and remedies, including without limitation, pre-suit demands for payment, pre-suit mediation or settlement negotiations, investigation and assessment of the credit union's rights, participation in bankruptcy cases, matters, and proceedings (including without limitation, filing proofs of claim, pursuing reaffirmation agreements, attending meetings of creditors, and pursuing complaints, motions and objections that relate in any way to the credit union's collateral or right to payment), collateral disposition, non-bankruptcy suits and/or administrative actions, and appeals. The principal balance in default shall bear interest at the contract rate.

**Delay In Enforcement:** You may delay enforcing any of your rights under this agreement without losing them.

**Irregular Payments:** You may accept late payments or partial payments, even though marked "payment in full," without losing any of your rights under this agreement.

**Co-Applicants:** If I am signing this agreement as a co-applicant, I agree to be equally responsible with the borrower, but you may sue either or both of us. You do not have to notify me that this agreement has not been paid. You may extend the terms of payment and release any security without notifying or releasing me from responsibility on this agreement.

Co-applicant understands that it will not be necessary for the credit union to first demand payment from debtor or otherwise make efforts to collect from debtor prior to making demand for payment upon co-applicant. Co-applicant further agrees that with or without notice of further consent from co-applicant, any security held by the credit union for the debt of debtor, may be exchanged, surrendered or released and any obligation of debtor, may be renewed, extended, continued, surrendered or compromised, in whole or in part, or any default with respect thereto waived, as lender may see fit, and co-applicant shall remain bound on this note.

---

**Contractual Pledge of Shares:** I pledge all my shares and deposits in the credit union, including future additions, as security for this loan. In case I default, you may apply these shares and deposits to the payment of all sums due at the time of default, including costs of collection and reasonable attorney's fees. No lien or right to impress a lien on shares and deposits shall apply to any of my shares which may be held in an "Individual Retirement Account" or "Keogh Plan."

---

**NOTICE**

## SECURITY AGREEMENT

1. To secure payment of this loan and all expenditures incurred by the credit union in connection with this loan, or in realizing on a security interest, I grant to you a security interest in the property described on the reverse side of this document. The security interest includes all increases, substitutions and additions to the secured property, proceeds from any insurance on the secured property and all earnings received from the secured property.

**Cross-collateralization.** Property given as security for this loan or for any other loan will also secure all amounts I owe the credit union now and in the future. However, property securing another debt will not secure this loan if such property is my principal dwelling or are household goods.

2. I will not change the location of, sell or transfer the collateral unless I have your prior written consent.

3. I warrant that I have good title to the collateral, free of all security interests except that given to the credit union and except for any interest of a non-co-applicant owner of the collateral who has signed the agreement in the indicated place.

4. I will pay all taxes, assessments, and liens against or attached to the property described and further agree to keep the property in good condition, housed in a suitable shelter. I agree to execute financing statements and security agreement amendments at your request and will defend the property against adverse third party claims.

5. I will maintain insurance to cover any vehicle or other property in which you have a security interest. This insurance will be in a form and an amount satisfactory to you. I will supply you with proof of such insurance until all sums owed to you and secured by this property are repaid. If I fail to maintain such insurance, you may, but are not required to, obtain insurance of your own and add the cost of such to the sums owed. This cost will bear interest at the contract rate until paid. I further assign to you the right to receive the proceeds of any insurance on such property, and direct any insurer to pay those proceeds directly to you. I authorize you to endorse any check or draft provided as the proceeds of such insurance, and apply those proceeds to the sums owed to you.

I further authorize you to provide your Insurance Service Center with the necessary information for verification of adequate coverage.

I acknowledge that insurance, or any extension thereof, placed by you is without benefit to me individually but is primarily for the protection of you.

6. Should you feel at any time that the security presented has diminished in value, or for any reason feel that additional security is required, I agree to assign to you within ten (10) days whatever additional security you feel is necessary to protect yourself against possible loss.

7. If a default as defined in the Loan Agreement should occur, you have the authority, upon such default, to repossess and sell the collateral in a lawful manner. In such case, you or your authorized representatives may, at your option, enter the premises where the collateral is kept and take possession, subject to applicable laws. You have the right to render the property pledged as collateral unusable and may dispose of the collateral on the premises where the collateral is kept. If you decide to sell the collateral at a public sale, private sale or otherwise dispose of the collateral, you will notify me of the time and place of the intended disposition ten (10) days prior to the sale or disposition. If you sell or otherwise dispose of the collateral you may collect from me reasonable expenses incurred in the retaking, holding and preparing the collateral for and arranging the sale of the collateral. You may also collect reasonable attorney's fees and legal expenses, permitted by applicable law, incurred in connection with disposition of the property. Unless I default, I may keep possession of the property (collateral) described and use it in any lawful manner consistent with this agreement or with the insurance policy on the collateral. I understand that you have certain rights and legal remedies available to you under the Uniform Commercial Code and other applicable laws, and that you may use these rights to enforce payment if I default. In the event, I will at your request assemble the property (collateral) and make it available to you at a place of your choosing. If you decide to waive this default, it will not constitute waiver of any other subsequent defaults.

8. You are hereby appointed as my Attorney-in-Fact to perform any acts which you feel are necessary to protect the collateral and the security interest which this agreement creates.

9. If there is more than one borrower, our obligations under this agreement are joint and several, each being equally responsible to fulfill the terms of this agreement.

10. This security agreement not only binds me, but my executors, administrators, heirs, and assigns.

11. If the law makes any terms of this agreement unenforceable, the other terms of this agreement remain in effect.

An official State of Ohio site. Here's how you know ⌄

# OhioBMV

**Year**
2014

**Make**
GENERAL MOTORS

**Model**
TERRAIN

**Mileage**
57,655

**Body Type**
STATION WAGON

**Condition**
GOOD

**Mileage Brand**
ACTUAL

**VIN**
2GKFLWEK2E6208561

## Electronic Title

**Title Number**
0300580439

**Control Number**
EA0773879

**Issue Date**
11/01/2019

**Title Status**
ACTIVE

**County Of Residence**
CRAWFORD

**Purchase Price**
$15,057.13

EXHIBIT B

An official State of Ohio site. Here's how you know  ⌄



1

## 1 Active Lien

**Lien Holder**
DIRECTIONS CREDIT UNION

**Issue Date**
11/01/2019

**Address**
200 NORTH SAINT CLAIR STREET TOLEDO, OHIO 43604 UNITED STATES

For further assistance, contact the Title Section by telephone at (614) 752-7671 or send us an e-mail

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 23-60709 |
| | ) | |
| TONI J. CLARK, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Judge Mary Ann Whipple |
| | ) | |
| | ) | <u>DIRECTIONS CREDIT UNION'S RELIEF</u> |
| | ) | <u>FROM STAY AND ABANDONMENT</u> |
| | ) | <u>WORKSHEET</u> |

I. LOAN DATA

    A. IDENTIFICATION OF COLLATERAL (check all that apply):

        __ Real Estate <ADDRESS>
            __ Principal Residence of Debtor(s)
            __ Other

        X  Personal Property <Describe. Include ID or VIN number, as applicable>
           <u>2014 GMC Terrain</u>
           <u>VIN #2GKFLWEK2E6208561</u>

        __ Other Property <Describe> _____

    B. CURRENT VALUE OF COLLATERAL: <u>$7,577.00</u>

    C. SOURCE OF COLLATERAL VALUATION: <u>J.D. Power</u>

    D. ORIGINAL LENDER: <u>Directions Credit Union</u>

    E. ENTITY ENTITLED TO ENFORCE THE NOTE: <u>Directions Credit Union</u>

    F. CURRENT LOAN SERVICER: <u>Directions Credit Union</u>

    G. DATE OF LOAN: <u>October 29, 2019</u>

    H. ORIGINAL PRINCIPAL AMOUNT DUE UNDER NOTE: <u>$15,532.27</u>

    I. ORIGINAL INTEREST RATE ON NOTE: <u>5.71%</u>

EXHIBIT C

J.  CURRENT INTEREST RATE: 5.71%

K.  ORIGINAL MONTHLY PAYMENT AMOUNT
(principal and interest only for mortgage loans): $255.92

L.  CURRENT MONTHLY PAYMENT AMOUNT: $255.92

M.  THE CURRENT MONTHLY PAYMENT AMOUNT LISTED ABOVE:

    __ Includes an escrow amount of $_____ for real estate taxes.
    __ Includes an escrow amount of $_____ for property insurance.
    __ Includes an escrow amount of $_____ for _____.
    X  Does not include any escrow amount.

N.  DATE LAST PAYMENT RECEIVED: May 16, 2023

O.  AMOUNT OF LAST PAYMENT RECEIVED: $100.00

P.  AMOUNT HELD IN SUSPENSE ACCOUNT: Zero

Q.  NUMBER OF PAYMENTS PAST DUE: 1

II. AMOUNT ALLEGED TO BE DUE AS OF THE DATE THE MOTION IS FILED

|     | Description of Charge | Total Amount of Charges | Number of Charges Incurred | Dates Charges Incurred |
| --- | --- | --- | --- | --- |
| A.  | PRINCIPAL | $8,043.96 | | |
| B.  | INTEREST | $42.73 | | |
| C.  | TAXES | $ | | |
| D.  | INSURANCE | $ | | |
| E.  | LATE FEES | $ | | |
| F.  | NON-SUFFICIENT FUNDS FEES | $ | | |
| G.  | PAY-BY-PHONE FEES | $ | | |

| H. | BROKER PRICE OPINIONS | $ | | |
|---|---|---|---|---|
| I. | FORCE-PLACED INSURANCE | $ | | |
| J. | PROPERTY INSPECTIONS | $ | | |
| K. | OTHER CHARGES (describe in detail and state contractual basis for recovering the amount from the debtor) | $ | | |

TOTAL DEBT: $8,086.69

LESS AMOUNT HELD IN SUSPENSE: $_____

TOTAL DUE AS OF DATE MOTION IS FILED: $8,086.69 *
* This total cannot be relied upon as a payoff quotation.

This Worksheet was prepared by:


/s/ Thomas J. Kelley
Thomas J. Kelley
900 Adams Street
Toledo, OH  43604
419-252-6218



638137

3